## IN RE ESTATE OF M. THEODORA MATTESON.
## JOHN NITCHER, APPELLANT.[1]

February 7, 1936.

No. 30,747.

*John Nitcher, pro se.*

*Harry H. Peterson,* Attorney General, *Harry W. Oehler,* Assistant Attorney General, and *Roy C. Smelker,* Special Assistant Attorney General, for the State.

[1]Reported in 265 N. W. 38.

LORING, JUSTICE.

This is a controversy over the right of the state to interest under the provisions of 1 Mason Minn. St. 1927, § 2298, on the succession or inheritance tax upon certain bequests made by M. Theodora Matteson, who died testate April 19, 1921, naming Tipton F. McClure as executor of her will. He had been her financial adviser and had possession of most of her securities but did not offer her will for probate until July 19, 1923. He qualified as an executor October 8, 1927. He gave a bond in the sum of $30,000 with the National Surety Company of New York (now insolvent) as surety. April 8, 1931, he was removed as executor by order of the probate court, and subsequently the present administrator *de bonis non* was appointed and qualified. Under the will McClure was given a legacy of $5,000, and he not only took this legacy in full without paying the inheritance tax, but converted to his own use property belonging to the estate valued at over $52,000. With this latter amount his account was surcharged. He also paid a legacy to the surviving spouse, about which there is no present controversy, and to Albert M. Briggs $6,450 and to Ethel Nourse a like amount. There remains in the estate available for distribution something over $3,000, and the devisees have petitioned the probate court for a decree of partial distribution of the cash assets now in the hands of the administrator *de bonis non*. April 20, 1935, the probate court made and filed its order determining the amount of the inheritance tax due to the state of Minnesota, charging the balance of the bequests to Briggs and Nourse with interest at six per cent upon the whole bequests from a date one year after the testator's decease. It also included in this order a determination that the estate owed the state of Minnesota a tax of $245 on the bequest to McClure, and the case comes here on appeal from that order.

It is conceded by the state that it has no claim on the present assets of the estate now in the hands of the administrator *de bonis non* for any tax on the inheritance of Tipton F. McClure, and therefore the order of the probate court will have to be modified in that respect.

1 Mason Minn. St. 1927, § 2298, provides:

"If such tax is not paid within one year from the accruing thereof, interest shall be charged and collected thereon at the rate of seven per centum per annum from the time the tax is due, unless, by reason of claims upon the estate, necessary litigation or other unavoidable cause of delay, such tax cannot be determined as herein provided; in such case interest at the rate of six per centum per annum shall be charged upon such tax from the accrual thereof until the cause of such delay is removed, after which seven per centum shall be charged."

The six per cent provision of the statute is the one here invoked by the state. The administrator asserts that because, through the fault of the probate court in failing to require accounts, the executor looted the estate and because it neglected to have the inheritance tax determined or paid, the state is now estopped from collecting the interest provided for by § 2298. He contends that it is in the nature of a penalty to be assessed against the devisees and that they are in this case in no way at fault and hence should not be penalized by the payment of such interest. We do not regard his contention as sound. If the devisees did not want to be charged with interest on the unpaid inheritance tax they might, by appropriate representation or application to the probate court, cause that tax to be determined and could cause it to be paid. It is quite obvious from the tenor of § 2298 that interest at the rate of six per cent per annum is to be charged upon the inheritance tax regardless of the cause of the delay, or the fault, or lack of it, on the part of the personal representative or those interested in the administration of the estate. This is the rate charged for the use of the money when the failure to pay is unavoidable. The penalty, if any, is in the assessment at a higher rate unless the delay is unavoidable.

We think that no estoppel can be invoked against the state for the failure of the probate court to require the administrator to account or otherwise to perform his duties. The state, if it can be said to have acted at all through the probate court, was doing so in its sovereign and not its proprietary capacity. Estoppel may not be invoked against it in that capacity. 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 3211. The order of the probate court in

420

assessing interest on the Briggs and Nourse bequests was proper. In view of the concession by the state that it has no claim on the property now in the hands of the present administrator for the tax or interest on the McClure bequest, the order of the probate court will have to be modified by eliminating that item.

The case is remanded for modification in accordance with the views expressed in this opinion.